UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND<br>8403 Arlington Boulevard<br>Fairfax, Virginia 22031<br><br>  Plaintiff,<br><br>v.<br><br>FRANK TORRONE & SONS, INC.,<br>d/b/a Torrone Signs<br>400 Broadway<br>Staten Island, NY 10310<br><br>  Defendant. | CIVIL ACTION NO. 1:19-cv-165<br><br>**Additional Required Service under 29 U.S.C. § 1132(h) to:**<br><br>**U.S. Department of Labor**<br>**Attn: Assistant Solicitor**<br> **for Plan Benefits Security**<br>**200 Constitution Ave., N.W.**<br>**Washington, DC 20002**<br><br>**U.S. Department of Treasury**<br>**Attn: Secretary of the Treasury**<br>**1500 Pennsylvania Avenue, NW**<br>**Washington, D.C. 20220** |

## COMPLAINT

Plaintiff, the Board of Trustees of the Sheet Metal Workers' National Pension Fund ("NPF" or "Fund") hereby complains as follows:

### Introduction

1. This is a civil action brought by an employee benefit plan, and by the Trustees of the Fund, pursuant to Sections 502(a)(3), (d)(1), (g)(2), 515, 4219, 4221, and 4301 of the Employee Retirement Income Security Act of 1974, *as amended* ("ERISA"), 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2), 1145, 1399, 1401, and 1451, and Section 301(a) of the Labor Management Relations Act of 1947, *as amended* ("LMRA"), 29 U.S.C. § 185. The Fund seeks a monetary judgment against Defendant awarding withdrawal liability, accrued interest, liquidated damages, and attorneys' fees and costs, through the date of judgment, as well as those amounts that become due and owing through the date of judgment, pursuant to Sections 502, 515, and 4301 of ERISA, 29 U.S.C. §§

1

1132, 1145, and 1451, Section 301 of the LMRA, 29 U.S.C. § 185, the collective bargaining agreement, and the Trust Document governing the Fund.

## Jurisdiction and Venue

2. Jurisdiction is conferred upon this Court by Sections 502(e), (f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), (f), and 1451(c), and Section 301(c) of the LMRA, 29 U.S.C. § 185(c). Jurisdiction also lies under 28 U.S.C. § 1331.

3. Venue is proper under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), Section 4301(d) of ERISA, 29 U.S.C. § 1451(d) and Section 301(a) of the LMRA, 29 U.S.C. § 185(c), as the Plaintiff Fund is administered in this district with its principal place of business in Fairfax, Virginia.

4. Pursuant to Section 502(h) of ERISA, 29 U.S.C. § 1132(h), a copy of this Complaint will be served upon the Secretary of United States Department of Labor and the Secretary of the United States Department of the Treasury by certified mail on or about the date of filing.

## Parties

5. Plaintiff Board of Trustees, Sheet Metal Workers' National Pension Fund ("NPF" or "Fund") is the collective name of the trustees of the Sheet Metal Workers' National Pension Fund. The NPF is an employee pension benefit plan within the meaning of Sections 3(2) and (3) of ERISA, 29 U.S.C. §§ 1002(2), (3), and a multiemployer plan within the meaning of Section 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), established and maintained for the purpose of providing pension benefits to eligible employees. The NPF is, and at all times material herein has been, a jointly administered trust fund established pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5). The Trustees of the NPF are duly authorized Trustees whose duty it is to

administer the NPF for the benefit of the participants and beneficiaries of the NPF. The Trustees are "fiduciaries" within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are empowered to bring this action pursuant to Sections 502(a)(3) and 502(g)(2) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1132(g)(2). The trust, its Trustees and plan are individually or jointly referred to as "NPF" in this Complaint. The NPF is administered at 8403 Arlington Boulevard, Fairfax, Virginia 22031.

6. The Trustees of the Plaintiff Fund bring this action in their collective names or, as necessary or appropriate, in the name of the plan, and its participants, and beneficiaries pursuant to Federal Rule of Civil Procedure 17.

7. At all times relevant to this action, Defendant Frank Torrone & Sons, Inc. doing business as Torrone Signs ("Torrone Signs"), has been an employer within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and has been engaged in an industry affecting commerce within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12). Upon information and belief, at all times relevant to this action, Torrone Signs has been incorporated in the state of New York with a principal place of business at 400 Broadway, Staten Island, New York 10310.

**Factual Background**

8. At all times relevant to this action, Defendant employed employees represented for the purposes of collective bargaining by the International Association of Sheet Metal, Air, Rail and Transportation Union (formerly known as the Sheet Metal Workers' International Association), Local Union No. 137 ("Local 137" or the "Union"), a labor organization representing employees in an industry affecting interstate commerce.

9. At all times relevant to this action, Defendant was signatory to, and bound by, a collective bargaining agreement ("Agreement" or "CBA") with the Union. Pursuant to the Agreement, Defendant is obligated to submit monthly remittance reports and fringe benefit contributions to NPF for all hours worked or paid on behalf of Defendant's covered employees within the jurisdiction of Local 137.

10. Pursuant to the CBA, Defendant is obligated to abide by the terms and conditions of the Trust Agreement establishing the Fund, including any amendments thereto and policies and procedures adopted by the Board of Trustees ("Trust Document").

## **Withdrawal Liability**

11. The NPF determined that Defendant had affected a complete withdrawal from the NPF on July 31, 2016, within the meaning of Section 4203(a) of ERISA, 29 U.S.C. § 1383(a).

12. The NPF sent a notice of withdrawal to Defendant on April 5, 2018, advising that it owed withdrawal liability to the NPF. This notice informed Defendant that withdrawal liability was assessed and that it was amortized, as required by Section 4219(c) of ERISA, 29 U.S.C. § 1399(c), in a payment schedule to 49 quarterly payments in the amount of $16,298.05 each, with the first payment being due June 1, 2018, and final remaining 50th payment of $15,663.50 due September 1, 2030.

13. The April 5, 2018 notice mistakenly listed the total amount of withdrawal liability as $250,589.35 in the cover letter. The three attached exhibits included with the cover letter indicated the correct amount of the total withdrawal liability assessment of $555,519.98.

14. The NPF sent a corrected notice of withdrawal to Defendant on December 10, 2018, informing Defendant of the error in the cover letter and confirming that withdrawal liability was assessed in the amount of $555,519.98. The December 10, 2018 notice reiterated that the

withdrawal liability was amortized, as required by Section 4219(c) of ERISA, 29 U.S.C. § 1399(c), in the same payment schedule as described in the April 5, 2018 notice, of 49 quarterly payments in the amount of $16,298.05 each, with the first payment being due June 1, 2018, and final remaining 50th payment of $15,663.50 due September 1, 2030.

15. In accordance with Section 4219(b)(2)(A) of ERISA, 29 U.S.C. §1399(b)(2)(A), Defendant had ninety (90) days from receipt of the initial notice and demand to request a review of the amount of the liability and/or the schedule for the payments. Defendant did not request review of the withdrawal liability assessment after either the initial notice sent April 5, 2018 or the corrected notice sent December 10, 2018.

16. Defendant was required to begin making its withdrawal liability payments as of June 1, 2018. Defendant failed to make its first scheduled payment.

17. By letter dated June 14, 2018, the NPF notified Defendant that it failed to make the first payment under the amortized payment schedule and provided the opportunity for Defendant to cure the delinquency. The NPF also notified Defendant in this letter that the failure to correct this delinquency within sixty days of receipt of the letter would constitute a default within the meaning of Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

18. Pursuant to 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), a party is in default if it has not cured its failure to pay its withdrawal liability installment payments within sixty (60) days following a demand. In the event of default, the plan "may require immediate payment of the outstanding amount of an employer's withdrawal liability, plus accrued interest on the total outstanding liability from the due date of the first payment which was not timely made." 29 U.S.C. § 1399(c)(5).

19. Defendant failed to respond to the NPF's June 14, 2018 letter and did not cure its

failure to pay the first payment in accordance with the payment plan.

20. In the December 10, 2018 notice, the NPF again notified Defendant that it was in default of the payment plan, and again Defendant failed to respond. To date, Defendant has failed to make any required withdrawal liability payments.

21. Accordingly, Defendant is in default and is liable for the remaining unpaid principal of its withdrawal liability, plus accrued interest on the unpaid amounts owed from the due date of the first owed payment not timely made.

22. Defendant is also liable for interest, liquidated damages, and reasonable attorneys' fees and costs in accordance with the Trust Document and applicable federal law, 29 U.S.C. § 1451(b), (e).

23. The Trust Document provides that interest shall be charged on any amount in default (including accrued interest), from the date the payment was due to the date it is paid. The interest shall be computed and charged at a rate of 0.0205% compounded daily.

24. The Trust Document further provides that in the event of default, an employer is liable to the Fund for attorneys' fees incurred by the Fund from the date of the delinquency forward and costs, and the greater of (1) interest on the delinquent withdrawal liability or (2) liquidated damages in the amount of 20% of the delinquent withdrawal liability.

### Count I
*Withdrawal Liability*

25. Plaintiffs reallege and incorporate Paragraphs 1 through 24.

26. This claim arises under ERISA Sections 502(a)(3), (d)(1) and (g)(2), 515, 4219, 4221, and 4301, 29 U.S.C. §§ 1132(a)(3), (d)(1) and (g)(2), 1145, 1399, 1401, and 1451, and Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

27. Defendant has failed to pay amounts owed for withdrawal liability for a period

greater than sixty (60) days after notification of failure by the NPF. As a result, Defendant is in default under Section 4219 of ERISA, 29 U.S.C. § 1399(c)(5).

28. As a result of Defendant's failure to timely remit the withdrawal liability installment payments to NPF, Defendant is liable for the full principal amount of the withdrawal liability assessment pursuant to the Trust Documents and Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

29. As a result of Defendant's failure to timely remit the withdrawal liability amounts owed to NPF, Defendant is liable for interest on all late payment amounts according to the Trust Document and Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5). Interest continues to accrue on these unpaid amounts until the date of payment.

30. As a result of Defendant's failure to timely remit the withdrawal liability amounts owed to NPF, Defendant is liable for liquidated damages in the amount of 20% of the delinquent withdrawal liability according to the terms of the Trust Document and Section 4301(b) of ERISA, 29 U.S.C. § 1451(b).

31. As a result of Defendant's failure to timely remit the withdrawal liability amounts owed to NPF, Defendant is liable for the reasonable costs and attorneys' fees incurred in connection with this action according to the terms of the Trust Document and Section 4301(e) of ERISA, 29 U.S.C. § 1451(e).

**WHEREFORE**, Plaintiffs request a judgment against Defendant for all amounts due to the Fund as follows:

1. Declare that Defendant has defaulted on its withdrawal liability;

2. Enter judgment against Defendant for the entirety of Defendant's withdrawal liability, in the amount of $555,519.98;

      3.      Enter judgment against Defendant for interest on the delinquent withdrawal liability delinquent contributions at a rate of 0.0205% per day, compounded daily, from the date due until the date paid or the date of the judgment, in the amount of at least $18,841.86 (calculated through February 9, 2019);

      4.      Enter judgment against Defendant for liquidated damages in an amount equal to the greater of interest on the delinquent withdrawal liability calculated at the above rate, or 20% of the delinquent withdrawal liability, in the amount of at least $111,103.99;

      5.      Enter judgment against Defendant for all attorneys' fees and costs incurred by the Fund in pursuing the delinquent withdrawal liability since the date of Defendant's delinquency as provided by Sections 502(g) and 4301(e) of ERISA, 29 U.S.C. §§ 1132(g), 1451(b); and

      6.      Award such other relief as the Court deems just and proper.

                                Respectfully Submitted,

                                /s/ Diana M. Bardes
                            Diana M. Bardes (Bar No. 81831)
                            Mooney, Green, Saindon, Murphy & Welch, P.C.
                            1920 L Street, NW, Suite 400
                            Washington, D.C. 20036
                            (202) 783-0010
                            (202) 783-6088 facsimile
                            dbardes@mooneygreen.com
                            Counsel for Plaintiff Fund

Dated: February 11, 2019

## CERTIFICATE OF SERVICE UNDER 29 U.S.C. § 1132(h)

I hereby certify that on this 11th day of February, 2019, a true and correct copy of the foregoing COMPLAINT UNDER ERISA FOR DELINQUENT WITHDRAWAL LIABILITY, INTEREST, LIQUIDATED DAMAGES, ATTORNEYS FEES, AND COSTS was served via certified mail on:

U.S. Department of Labor
Attn: Assistant Solicitor for Plan Benefits Security
200 Constitution Ave., N.W.
Washington, DC 20002

U.S. Department of Treasury
Attn: Secretary of the Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220

      /s/ Diana M. Bardes
Diana M. Bardes