UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| BD. OF TR., SHEET METAL WORKERS' NAT'L PENSION FUND, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 1:19-cv-00165 (LMB/IDD)<br>) |
| FRANK TORRONE & SONS, INC., | )<br>) |
| Defendant. | )<br>) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on the Board of Trustees of the Sheet Metal Workers' National Pension Fund's ("NPF") ("Plaintiff") Motion for Default Judgment against Frank Torrone & Sons, Inc. ("Defendant") pursuant to Federal Rule of Civil Procedure 55(b)(2). Mot. for Default J., ECF No. 6. After a licensed attorney for Defendant failed to respond or appear at the hearing on April 26, 2019, the undersigned Magistrate Judge took this matter under advisement. Upon consideration of the Complaint, Plaintiff's Motion for Default Judgment and the supporting brief and affidavits thereto, the undersigned Magistrate Judge makes the following findings and recommends that default judgment be entered against Defendant.

## I. INTRODUCTION

On February 11, 2019, Plaintiff filed this action under Sections 502(a)(3), (d)(1), (g)(2), 515, 4219, 4221, and 4301 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132(a)(3), (d)(1), (g)(2), 1145, 1399, 1401, and 1451 and under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. Compl. ¶ 1. In their Complaint, Plaintiff seeks a monetary judgment awarding withdrawal liability in the amount of

1

$555,519.98, accrued interest on delinquent withdrawal liability contributions in the amount of $34,042.52, liquidated damages in the amount of $111,103.99, attorney's fees and costs pursuant to ERISA and the LMRA, and any other such relief as the Court deems appropriate. *Id.* ¶¶ 31(1)-(6); Br. in Supp. of Pl.'s Mot. for Default J. ("Br. in Supp.") at 7.

### A. Jurisdiction and Venue

For a court to render default judgment against a party, it must have subject matter and personal jurisdiction over the party and be the appropriate venue for the action. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because this case arises under ERISA and the LMRA, which are federal laws. Furthermore, "[a suit] for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a).

For a court to exercise personal jurisdiction over a defendant in an ERISA action, the defendant must be served with process and have "sufficient aggregate contacts with the United States as a whole," pursuant to the Fifth Amendment. *Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. McD Metals, Inc.*, 964 F. Supp. 1040, 1044 (E.D. Va. 1997) (holding that because ERISA provides for nationwide service of process, the Fifth Amendment "national contacts" theory, rather than Virginia's long-arm statute, applies). As discussed below, Defendant was properly served with process. Defendant has sufficient contacts with the United States as a whole because it is incorporated under New York law and transacts business in New York. Compl. ¶ 7; *see McD Metals,* 964 F. Supp. at 1045. Therefore, this Court has personal jurisdiction over Defendant.

2

Finally, as to venue, an ERISA action may be brought in the "district where the plan is administered." 29 U.S.C. § 1132(e)(2). In this case, the NPF is administered in Fairfax, Virginia, which is within the Eastern District of Virginia. Compl. ¶ 3. Therefore, venue is appropriate in this Court.

### B. Service of Process

Under 29 U.S.C. §§ 1132(e)(2) and 185(d), service of process is proper in any district where a defendant resides or may be found. When a plaintiff fails to serve a defendant properly under federal or state law, a court lacks personal jurisdiction and may not enter default judgment against the defendant. *Omni Capital Int'l, Ltd. v. Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." (quoting *Miss. Publ'g Corp. v. Murphree*, 326 U.S. 438, 444–45 (1946))), *superseded by statute on other grounds*, FED. R. CIV. P. 4(k); *Cent. Operating Co. v. Util. Workers of Am.*, 491 F.2d 245, 249, 251 (4th Cir. 1974) (reversing the district court's decision to enter default judgment against a non-resident defendant because the court lacked personal jurisdiction where the plaintiff failed to effectively serve the defendant with summons and complaint).

Under Federal Rule of Civil Procedure 4(h), service upon a corporation, partnership, or other unincorporated association shall be effectuated "in the manner prescribed by Rule 4(e)(1) for serving an individual; or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." FED. R. CIV. P. 4(h).

On March 5, 2019, a private process server served Defendant by serving Frank Torrone, who is authorized to accept service on Defendant's behalf, by delivering a copy of the Summons

3

and Complaint to Defendant's home at Haywood St., Staten Island, NY 10307. Proof of Serv., ECF No. 3. Therefore, Plaintiff properly served Defendant pursuant to 29 U.S.C. §§ 1132(e)(2) and 185(d) and Rule 4(h).

### C. Grounds for Default

Plaintiff filed its Complaint on February 11, 2019. ECF No. 1. Defendant failed to appear, answer, or file any other responsive pleadings in this matter. On March 27, 2019, Plaintiff filed a Request for Entry of Default with the Clerk. ECF No. 4. On March 27, 2019, the Clerk entered default against Defendant. ECF No. 5. On March 28, 2019, Plaintiff filed a Motion for Default Judgment, and the Court conducted a hearing on the matter on April 26, 2019, ECF No. 9. After Defendant failed to appear at the April 26, 2019 hearing, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

## II.  EVALUATION OF PLAINTIFF'S COMPLAINT

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." FED. R. CIV. P. 55(a). A defendant in default concedes the factual allegations of the complaint. *See, e.g.*, *DIRECTV, Inc. v. Rawlins*, 523 F.3d 318, 322, n.2 (4th Cir. 2008); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). Default does not, however, constitute an admission of the adversary's conclusions of law and is not to be "treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." *Ryan*, 253 F.3d at 780 (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Instead, the court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint support the relief sought in [the] action." *Id.*

Thus, in issuing this Report and Recommendation, the undersigned Magistrate Judge must evaluate Plaintiff's claims against the standards of Rule 12(b)(6) of the Federal Rules of Civil Procedure to ensure that the Complaint contains plausible claims upon which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining the analysis for examining a plaintiff's claims under a 12(b)(6) motion to dismiss). To meet this standard, a complaint must set forth sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In determining whether allegations are plausible, the reviewing court may draw on context, judicial experience, and common sense. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (citing *Iqbal*, 556 U.S. at 679).

### III. FACTUAL FINDINGS AND ANALYSIS

Plaintiff is the trustee of multi-employer employee benefit plans[1] administered from offices located in Fairfax, Virginia. Compl. ¶ 5. Plaintiff is maintained by a Restated Trust Agreement and by a Collective Bargaining Agreement between Local Union No. 137 and Defendant. *Id.* ¶¶ 8-9. Defendant is a New York corporation engaged in an industry affecting commerce within the meaning of Sections 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12), and is a signatory to the Collective Bargaining Agreements with Local Union No. 137, establishing the terms and conditions of employment for workers employed by Defendant. *Id.* ¶¶ 7, 9.

On April 5, 2018, Plaintiff sent Defendant a notice of withdrawal notifying Defendant that it owed withdrawal liability in the amount of $250,589.35 to the NPF under an amortized payment schedule, as required by Section 4219(c) of ERISA, 29 U.S.C. § 1399(c). *Id.* ¶¶ 12-13. On December 10, 2018, Plaintiff sent Defendant a corrected notice advising it of an error in the cover

---

[1] Such plans are defined by ERISA, 29 U.S.C. § 1002(3), (37).

5

letter and that the amount it owed was $555,519.98 instead of $250,589.35. *Id.* ¶ 14. Plaintiff's corrected notice reiterated the first payment was due on June 1, 2018. *Id.* Upon receipt of the initial notice, Defendant had ninety (90) days to request a review of the amount of the liability and schedule of the payments. *Id.* ¶ 15; *see* 29 U.S.C. § 4219(b)(2)(A). Defendant did not request such a review. Compl. ¶ 15. Thus, Plaintiff was not required to provide further notice or explanation of the amount of withdrawal liability Defendant owed.

Defendant failed to make a payment on June 1, 2018, and therefore, on June 14, 2018, Plaintiff sent a letter notifying Defendant that it failed to make the first payment and provided the opportunity for Defendant to cure the delinquency. *Id.* ¶¶ 16-17. Defendant failed to respond to the June 14, 2018 letter or cure its failure to pay the first payment. *Id.* ¶ 19. Thus, Plaintiff seeks payment of withdrawal liability due to it under the Collective Bargaining Agreements. *Id.* ¶¶ 31(1)-(6).

### A. Count I - Unpaid Withdrawal Liability to National Pension Fund

Under 29 U.S.C. § 1383, an employer completely withdraws from a multiemployer organization if it "(1) permanently ceases to have an obligation to contribute under the plan, or (2) permanently ceases all covered operations under the plan." § 1383(1)-(2). If an employer completely withdraws from a multiemployer organization, 29 U.S.C. § 1381(b)(1)(A)-(D) establishes that withdrawal liability is owed. Liability is calculated as the allocable amount of unfunded vested benefits, adjusted by any *de minimis* reduction applicable under 29 U.S.C. § 1389, and limited by a twenty (20) year amortized scheduled, as required by 29 U.S.C. § 1399(c)(1)(B). *Id.* The *de minimis* rule established under § 1389 requires withdrawal liability to be reduced by the smaller of: (1) ¾ of 1 percent of the plan's unfunded vested obligations or (2) $50,000. 29 U.S.C. § 1389(a).

6

An employer is in default if it fails to make its payments when due and if the failure is not cure within sixty (60) days of receiving notice of its failure to pay. 29 U.S.C. § 1399(c)(5)(A). Accordingly, a plan sponsor may require immediate payment of the outstanding amount, plus accrued interest on the total outstanding liability from the due date of the first payment that was not made. *Id.* Moreover, Section 4301(b) of ERISA, 29 U.S.C. §1451(b), establishes that failure to pay withdrawal liability within the prescribed time shall be treated as a delinquent contribution.

Plaintiff alleges that Defendant failed to make contributions to it after Defendant's withdrawal from the NPF on July 31, 2016. Compl. ¶¶ 11, 16. Two years after the NPF affirmed Defendant's withdrawal, Defendant was notified that it owed $555,519.98 of withdrawal liability. *Id.* ¶¶ 12-14. Defendant failed to make its first quarterly payment, which was due June 1, 2018. *Id.* ¶ 14. Defendant has failed to pay amounts owed to Plaintiff for withdrawal liability for a period greater than sixty (60) days after notification of failure by Plaintiff. *Id.* ¶ 27. As a result of its failure to pay, Defendant is liable for the full principal amount of the withdrawal liability assessment in accordance with the Trust Documents and Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5); interest on all late payment amounts according to the Trust Documents and Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5); liquidated damages in the amount of twenty percent (20%) pursuant to the Trust Documents and Section 4301(b) of ERISA, 29 U.S.C. § 1451(b); and reasonable costs and attorneys' fees incurred in connection with this action. *Id.* ¶¶ 28-31.

Defendant owes a contribution of $16,298.05 per month for the months of June 2018 through September 2030, for a total of $555,519.98 in unpaid contributions. *Id.* ¶¶ 14, 28, 31(2). Pursuant to the Trust Documents and Section 4301(b) of ERISA, 29 U.S.C. §1451(b), Defendant owes Plaintiff liquidated damages totaling $111,103.99. *Id.* ¶¶ 30, 31(4). Moreover, Defendant owes interest on the principal amount in the amount of twenty percent (20%) or $34,042.52. *Id.* ¶¶

29, 31(3); Br. in Supp. at 7. Therefore, the undersigned Magistrate Judge finds that the following delinquent contributions, damages, and interest are reasonable:

| *Plaintiff* | *Delinquent Contributions* | *Liquidated Damages* | *Interest (through 3/29/2019)* | *Total* |
|---|---|---|---|---|
| NPF | $555,519.98 | $111,103.99 | $34,042.52 | $700,666.49 |

### B. Attorney's Fees and Costs

Finally, Plaintiff seeks $3,145.00 in attorney's fees and $948.25 in costs. Br. in Supp. at 8. When a plaintiff is awarded judgment to collect unpaid sums under ERISA, the plaintiff is entitled to collect reasonable attorney's fees and costs of the action. 29 U.S.C. § 1132(g)(2)(D). In support of its request, Plaintiff submitted the Declaration of Diana Bardes and a report of attorney's fees and costs through March 28, 2019. Br. in Supp., ECF No. 7-3. Having reviewed the declaration and time sheet, the undersigned Magistrate Judge finds the $3,145.00 in attorney's fees and $948.25 in costs are reasonable.

### IV. RECOMMENDATION

The undersigned Magistrate Judge recommends entry of default judgment in favor of the Board of Trustees of the Sheet Metal Workers' National Pension Fund against Frank Torrone & Sons, Inc. Plaintiff is entitled to damages in the total amount of $700,666.49 (including interest through March 2019) and attorney's fees and costs in the amount of $4,093.25, for a total of $704,759.74.

## NOTICE

By mailing copies of this Report and Recommendation, the parties are notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to Defendant at the following addresses:

Frank Torrone & Sons, Inc.
90 Haywood St.
Staten Island, NY 10307

/s/
Ivan D. Davis
United States Magistrate Judge

July 22, 2019
Alexandria, Virginia